[Civil No. 1438.   Filed February 26, 1917.]

[163 Pac. 258.]

JOHN H. IVY, Administrator of the Estate of W. J. GAL-BRAITH, Deceased, Appellant, v. P. P. PARKER, Appellee.

ON REHEARING.

[For original opinion, see 17 Ariz. 369, 153 Pac. 283.]

1. APPEAL AND ERROR—DETERMINATION ON APPEAL—ENTRY OF FINAL JUDGMENT.—The appellate court can enter a final judgment only upon the theory that the jury in its verdict found all the essential facts upon which to base such judgment.

2. BOUNDARIES—SURVEYS—APPORTIONMENT OF DISCREPANCIES.—Where excesses occur in the area of lands laid out by public survey, such excesses must be distributed between the several subdivisions in which they occur in proportion to their respective lengths.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   John C. Phillips, Judge.   Judgment ordered.

Messrs. Struckmeyer & Jenckes, for Appellant.

Messrs. Alexander & Christy, for Appellee.

ROSS, J.—Appellee, upon motion for rehearing, asks this court to enter a final judgment, apportioning the excess between the base line of the township and the north line of section 25 between the two sections, 36 and 25. We can do this only upon the theory that the jury in its verdict, which was a general one, found all the essential facts upon which to base a final judgment. In our former opinion we said:

"We think the evidence of witnesses . . . fairly and reasonably established the corners of section 25 as contended for by the plaintiff."

We are still of that opinion. A reasonable construction of the jury's verdict warrants this conclusion, inasmuch as they tied the land awarded to the plaintiff to the northeast and northwest corners of section 25. There was no dispute at the trial as to the proper location of the southeast and southwest corners of section 36; the government monuments of such corners being found in place.

The jury's verdict also found the distance from the northeast corner of section 25 to the southeast corner of section 36 to be 11,296 feet, an excess of 736 feet as called for by the original survey and field-notes, and an excess of 755 feet from the northwest corner of section 25 to the southwest corner of section 36. Although the government survey and field-notes call for other monuments between these points along the east and west lines of said sections, there was no evidence of any introduced, nor did the verdict find directly or by implication any government monuments at any intermediate points. Witnesses testified to monuments or posts between these points, but no witness identified them as government monuments; they evidently were placed by private parties as marking distances and division lines, but without any reference to any monument placed by the government, and were so treated by the jury.

In our former opinion we credited all of the excess to section 25; in doing this we were in error. Only one-half of the excess should be credited to section 25, the rule being that any variance should be distributed between the several subdivisions in proportion to their respective lengths. *Wescott v. Craig,* 60 Colo. 42, 151 Pac. 934, and other cases cited in our former opinion.

The dividing line of the premises of the plaintiff and defendant should be at a point 2,824 feet south from the northeast corner of section 25, or 8,472 feet north from the southeast corner of section 36; thence westerly across the premises to a point 2,828.75 feet south from the northwest corner of section 25, or 8,486.25 feet north from the southwest corner of section 36, giving to the plaintiff and defendant each 184 feet of the excess on the east line and 188.75 feet of the excess on the west line.

The order heretofore entered in this case granting a new trial is vacated, and it is ordered that the lower court enter judgment in accordance with this opinion, that the appellant be allowed the costs of this appeal, and that the appellee have his costs in the lower court.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.